UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>-against-<br><br>INFINITY Q CAPITAL MANAGEMENT, LLC,<br><br>                Defendant.<br><br>-and-<br><br>WILDCAT PARTNER HOLDINGS, LP,<br><br>                Relief Defendant. | 23-Civ. 5081 (PKC)<br><br>ECF CASE |

**[PROPOSED] JUDGMENT AS TO RELIEF DEFENDANT WILDCAT PARTNER HOLDINGS, LP**

Plaintiff Securities and Exchange Commission ("SEC"), having filed a Complaint and Relief Defendant Wildcat Partner Holdings, LP ("WPH") (F/K/A Bonderman Family Limited Partnership) having entered a general appearance; consented to the Court's jurisdiction over WPH and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Relief Defendant WPH is liable for disgorgement of $18,050,000, which shall be deemed satisfied by WPH's payment of $15,650,000 into the class action settlement fund in the class action titled *In re Infinity Q Diversified Alpha Fund Securities Litigation*, Index No. 651295/2021 (N.Y. Sup.) (the "Class Action"); and its relinquishment of its right to any distributions on account of its shares of

Infinity Q Volatility Alpha Fund, L.P. it received from Infinity Q Capital Management, LLC, which shares were valued at $2,400,000 at the time of transfer to WPH; and

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, in the event this judgment is not deemed satisfied in accordance with the preceding paragraph within 60 (sixty) days of the occurrence of one of the following: (i) the court presiding over the Class Action denies approval of the currently proposed Class Action settlement, and any modified versions agreed to by the parties (the "Class Action Settlement"), in a final, non-appealable, non stayed order; (ii) WPH withdraws from and terminates the Class Action Settlement as to WPH; or (iii) the Class Action Settlement is otherwise irrevocably terminated as to WPH, then this Order shall be null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the *status quo ante* rights of WPH and the SEC; and

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for purposes of enforcing the terms of this Judgment; and

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that, there being no reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: New York, NY
       [6/30], 2023

_____
United States District Court Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>INFINITY Q CAPITAL MANAGEMENT, LLC,<br><br>　　　　　　Relief Defendant.<br><br>　　　　-and-<br><br>WILDCAT PARTNER HOLDINGS, LP,<br><br>　　　　　　Relief Relief Defendant. | 23-Civ. ____ ( )<br><br>ECF CASE |

# CONSENT OF RELIEF DEFENDANT WILDCAT PARTNER HOLDINGS, LP

1. Relief Defendant Wildcat Partner Holdings, LP ("WPH") (F/K/A Bonderman Family Limited Partnership), waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Relief Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

　　(a)　orders that Relief Defendant t is liable for disgorgement of $18,050,000;

　　(b)　deems the judgment satisfied by Relief Defendant's payment of $15,650,000 into the class action settlement fund in the class action titled *In re Infinity Q Diversified Alpha Fund*

*Securities Litigation*, Index No. 651295/2021 (N.Y. Sup.) (the "Class Action") and its agreement to relinquish its right to any distributions on account of its shares of Infinity Q Volatility Alpha Fund, L.P. that it received from Infinity Q Capital Management, LLC; and

(c) provides that, in the event the judgment is not deemed satisfied in accordance with the preceding paragraph within 60 (sixty) days of the occurrence of one of the following: (i) the court presiding over the Class Action denies approval of the currently proposed Class Action settlement, and any modified versions agreed to by the parties (the "Class Action Settlement"), in a final, non-appealable, non stayed order; (ii) WPH withdraws from and terminates the Class Action Settlement as to WPH; or (iii) the Class Action Settlement is otherwise irrevocably terminated as to WPH, then this Order shall be null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the *status quo ante* rights of WPH and the Commission.

3. Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4. Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5. Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

6. Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7. Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8. Relief Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

9. Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission

based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10. Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a Defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the Defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

22. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

23. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

**WILDCAT PARTNER HOLDINGS, LP**

By: _____
Leonard A. Potter
Title: AUTHORIZED SIGNATORY
Address:

On May 23, 2023, Leonard A. Potter, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of WILDCAT PARTNER HOLDINGS, LP as its AUTHORIZED signatory.

_____
Notary Public
Commission expires: 5/13/25

DEBRA BERGIN
Notary Public - State of New York
NO. 01BE6281248
Qualified in New York County
My Commission Expires 5/13/25

Approved as to form:

_____
George S. Canellos, Esq.
Milbank
55 Hudson Yards
New York, NY 10001-2163
(212) 530-5792
Attorney for Relief Defendant

5