UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

               Plaintiff,

         -against-

INFINITY Q CAPITAL MANAGEMENT,
LLC,

               Defendant,

         -and-

WILDCAT PARTNER HOLDINGS, LP,

               Relief Defendant.

23 Civ. 05081 (PKC)

## [PROPOSED] ORDER APPROVING CERTAIN PROCEDURES FOR THE SUBMISSION AND VERIFICATION OF CLAIMS

**WHEREAS,** Infinity Q Capital Management, LLC, ("Infinity Q"), an investment adviser registered with the U.S. Securities & Exchange Commission (the "SEC"), advises, among other funds, the Infinity Q Volatility Alpha Fund, L.P. (the "Vol Alpha Fund") and the Infinity Q Volatility Alpha Offshore Fund, Ltd. (the "Offshore Fund" and, together with the Vol Alpha Fund, the "Private Funds"); and

**WHEREAS,** in February 2021, Infinity Q learned of allegations that James Velissaris, Infinity Q's founder and Chief Investment Officer, had engaged in a fraudulent scheme to overvalue the holdings of the Private Funds by mismarking the value of the Private Funds' assets; and

1

**WHEREAS**, upon learning of the allegations of mismarking of the value of the Private Funds' assets, Infinity Q suspended any further investments into and redemptions out of the Private Funds; and

**WHEREAS**, Infinity Q has liquidated the Private Funds' holdings and the Private Funds' only assets are (i) the cash proceeds from the liquidation of those holdings and (ii) an illiquid investment; and

**WHEREAS**, Infinity Q caused the Private Funds to make interim distributions to several of the Private Funds' investors on November 2, 2022; and

**WHEREAS**, on June 16, 2023, the SEC filed a complaint in this action alleging, *inter alia*, that Infinity Q violated Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, Sections 204(a), 206(1), 206(2), 206(4), and 207 of the Investment Advisers Act of 1940 and Rules 204-2(a), 206(4)-7, and 206(4)-8 thereunder, and Section 34(b) of the Investment Company Act of 1940; and

**WHEREAS**, Alan M. Cohen was appointed Monitor by this Court's order dated July 11, 2023, to oversee the distribution of the Private Funds' remaining assets to investors;

**WHEREAS**, on January 31, 2025, the Court, having considered the Monitor's Motion for Order Approving Proposed Distribution Methodology dated September 30, 2024, authorized the Monitor to use the Rising Tide methodology to calculate each qualifying investor's distribution from the Private Funds' remaining cash and, in making such calculations, authorized the Monitor to offset the amounts of other recoveries received by investors arising out of the collapse of the Private Funds

**WHEREAS**, the Court, having considered the Motion Approving Certain Procedures for the Submission and Verification of Claims (the "Motion") and the information submitted in support, responses or objections, the arguments of counsel, and the pleadings on file.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Monitor is hereby authorized and approved to implement certain procedures for the submission and verification of claims (the "Proposed Procedures").

3. The proposed Claims Bar Date Notice and Instructions and Procedures for Submitting a Proof of Claim, Proof of Claim Forms, Collateral Recovery Certification Form, and Notice of Determination provided with the Motion are APPROVED.

4. The Monitor must send out or publish the Claims Bar Date Notices and Proof of Claim Forms in the manner described in the Motion no later than 30 business days from the date of this order or as soon as practicable.

5. Each Claimant must return a Proof of Claim in the form and manner described in the Motion no later than the Claims Bar Date.

6. The Court hereby sets the Claims Bar Date as 60 days from the date the Monitor sends the Claims Bar Date Notices and Instructions and Procedures for Submitting a Proof of Claim.

7. The Court hereby sets the deadline for Monitor to conclude informal dispute resolution ("Phase 1 Informal Dispute Resolution") as 60 days after the Claims Bar Date.

8. The Monitor must send to Investors the Collateral Recovery Certification Form no later than 7 days after the Monitor is made aware of (i) the resolution of all pending litigation involving the Private Funds, including but limited to class action and opt-out litigation, either by

3

settlement or entry of final judgment not subject to appeal; and (ii) the distribution of collateral recoveries to Investors arising out of the collapse of the Private Funds.

9.    The Court hereby sets the deadline for Investors to submit the completed Collateral Recovery Certification 60 days after the Monitor sends to Investors the Collateral Recovery Certification Form.

10.    When evaluating collateral recoveries, the Monitor shall initially consider the full amount paid to, or received by each investor, either directly or indirectly, before any legal fees or expenses are paid from any such recovery (the "gross collateral recovery"), but then reduce such gross collateral recovery by reasonable attorney's fees and expenses when calculating the final amount of any claimant's allowable claim from the Fund.

11.    In those instances where a state or federal court has already rendered a decision as to reasonableness of legal fees and expenses incurred in connection with a recovery (under FRCP 23(h) or a similar standard), the Monitor shall accept that finding of reasonableness for purposes of calculating a collateral recovery.

12.    In any other case, where there has been no judicial determination of reasonableness, the Monitor shall evaluate legal fees and expenses for reasonableness and may reduce the gross collateral recovery by the reasonable legal fees and expenses.  If the Monitor determines that any portion of those fees and expenses are unreasonable, the Monitor shall (i) notify counsel for the affected claimant(s) before making a final distribution recommendation to the Court, and (ii) meet and confer with that counsel and make a good faith effort to resolve any disputes about the Monitor's proposed recommendation.  If the Monitor and claimant's counsel cannot resolve the issue, the Monitor may, in making a final distribution recommendation to the Court, exclude from the gross collateral recovery the amount of legal fees and expenses the Monitor deems to be

4

reasonable. After the Monitor submits a final-distribution recommendation to the Court, any affected claimant(s) may seek relief from the Court prior to the Court's determination of the final distribution plan.

13.    The Monitor must send a Notice of Determination to every Claimant no later than 45 days after (i) the Monitor has notified the Court that all pending litigation against the Private Funds has been resolved; (ii) the Monitor concluded the Phase 1 Informal Dispute Resolution has passed; and (iii) the Deadline for Investors to Submit the completed Collateral Recovery Certification has passed.

14.    Any objections to the Notices of Determination must be set in in the form and manner described in the Motion no later than 30 days from receipt of the Notice of Determination.

15.    The Court hereby sets the deadline to resolve disputes arising from objections to the Notice of Determination ("Phase 3 Informal Dispute Resolution") as 60 days from the date that any objections to the Notices of Determination are submitted.

16.    The Monitor must file the Claims Approval Motion no later than 60 days after the deadline for the Monitor to conclude Phase 3 Informal Dispute Resolution.

17.    The Monitor will have the authority under the Proposed Procedures to extend any deadlines (including any deadlines that have been previously extended), without further approval of the Court unless the Monitor, in his sole discretion, decides to seek a confirmatory order from the Court by filing a notice of extension with the Court prior to the applicable deadline.

SO ORDERED

Dated: New York, New York
        Feb 5       , 2026

_____
HON. P. KEVIN CASTEL
United States District Judge

5